IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:03CR313 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JOSE ANTONIO RAMIREZ-CORTEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court for initial review of the defendant's "Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (§ 2255 motion) (Filing No. 88), and review of defendant's Motion for Leave to Proceed In Forma Pauperis (Filing No. 89).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

After a plea of guilty to Count I of the Indictment charging defendant with knowingly and intentionally possessing with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1), this court sentenced defendant to 121 months in the custody

of the Bureau of Prisons followed by 5 years supervised release (Filing No. 63).  The defendant did not file a direct appeal.

The claims raised in the defendant's § 2255 motion are barred by the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  As amended by the AEDPA, 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Absent a later triggering date under subsections (2)-(4) above, the one-year period for filing a § 2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. Because neither party filed a direct appeal, the defendant's judgment and conviction became final on or about March 26, 2004 when the time for filing a notice of appeal expired.  One year later the statute of limitations expired on or about March 26, 2005.  The defendant did not file his § 2255 motion until September 9, 2005, more than five months after the expiration of the statute of limitations.  Furthermore, the defendant

has not set forth any arguments supporting invocation of the equitable tolling doctrine, even if the doctrine were found to apply in the § 2255 context. *United States v. Bell,* 2003 WL 21523470, at **1 (8th Cir. July 2, 2003), *cert. denied,* 540 U.S. 1202 (2004).

IT IS ORDERED:

1. Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 88) is denied;

2. The defendant's Motion for Leave to Proceed In Forma Pauperis (Filing No. 89) is denied as moot;

3. A separate Judgment will be issued; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 10th day of November, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge