IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                  )<br>                   Plaintiff,     )<br>                                                  )<br>         v.                                      )<br>                                                  )<br>JOSE ANTONIO RAMIREZ-CORTEZ,  )<br>                                                  )<br>                   Defendants.   )<br>                                                  ) | 8:03CR313<br><br>MEMORANDUM AND ORDER |

   Before the court is filing no. 92, the Notice of Appeal filed by the defendant, Jose Antonio Ramirez-Cortez, who appeals the Memorandum and Order (filing no. 90) and Judgment (filing no. 91) denying his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion").   Also before me is filing no. 93, the Memorandum from the Clerk of Court requesting a decision regarding whether the defendant may proceed in forma pauperis ("IFP") on appeal.

   The defendant has not filed a motion to proceed IFP on appeal and has not paid the appellate filing fee.   Accordingly, by January 20, 2006, the defendant shall file a motion to proceed IFP on appeal or pay the $255 appellate filing fee to the Clerk of the District Court.  If the defendant moves to proceed IFP, he shall also file the Affidavit required by 28 U.S.C. § 1915(a), and he shall request that his institution forward a certified statement of his inmate trust account for the 6-month period immediately preceding the filing of the Notice of Appeal.  In addition, the  Clerk of Court shall request the defendant's trust account information from the defendant's institution and shall hold the appeal in abeyance until the court determines how the appellate filing fee will be handled.

In addition, before the defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> ....
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a federal right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-1604 (2000), citing Barefoot v. Estelle, 103 S. Ct. 3383, 3394 (1983) (which defined the former standard for a certificate of probable cause to appeal) (internal quotation marks omitted). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

2

debatable or wrong."  Slack, 120 S.Ct at 1604.  In contrast, if the district court denies a § 2255 motion on procedural grounds without reaching the underlying constitutional claims on the merits, a certificate of appealability should issue under 28 U.S.C. § 2253(c) "when the defendant shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and would find it debatable whether the district court was correct in its procedural ruling."  Id.

Upon review and consideration of the record and the applicable law, the court concludes that the defendant has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong.  Therefore, for the reasons stated in filing no. 90, a certificate of appealability will not issue.

THEREFORE, IT IS ORDERED:

1. That a Certificate of Appealability is denied;

2. That the petitioner shall have until January 20, 2006, to file a properly supported motion to proceed IFP on appeal or pay the $255 appellate filing fee;

3. That the Clerk of Court shall request a certified copy of the defendant's trust account information from the appropriate official at the defendant's institution; and

4. That the Clerk of Court shall hold the appeal in abeyance until the court determines how the appellate filing fee will be paid.

DATED this 19th day of December, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge